FREEMAN v. KANE.†

(Court of Civil Appeals of Texas. Dec. 21, 1910. Rehearing Denied Jan. 25, 1911.)

1. PLEADING (§ 228*)—PETITION—REQUISITES.

A petition must be considered in all of its parts to determine whether it is subject to special exceptions.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

2. MASTER AND SERVANT (§ 258*)—INJURY TO SERVANT—PETITION—SUFFICIENCY.

A petition in an action for injuries to a switchman by cars running off the end of a switch track, which alleges that the cars should have been stopped and that the employés in charge of the switch engine were signaled to stop, but they failed to do so, is sufficient as against the special exception that it fails to allege in what way the employés failed to obey the signals.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 833; Dec. Dig. § 258.*]

3. TRIAL (§ 192*) — INSTRUCTIONS — ASSUMPTION OF FACT.

The court in its instructions may assume the existence of a fact conclusively shown by the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 432–434; Dec. Dig. § 192.*]

4. DAMAGES (§ 132*)—PERSONAL INJURIES—EXCESSIVE DAMAGES.

A switchman 31 years of age, earning $100 a month, received a permanent injury to his left foot, rendering him unable to work. He sustained injuries to his stomach, causing constant and severe pain for several weeks, and physicians testified that the indications were that there were adhesions and lacerations in the stomach, and that the condition was bad, permanent, and progressive, and would undermine his health. His right foot was injured, and his face, nose, and mouth were cut. Held, that a verdict of $20,000 reduced by the trial court to $15,000 was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385; Dec. Dig. § 132.*]

Appeal from District Court, Bexar County; Edward Dwyer, Judge.

Action by T. J. Kane against T. J. Freeman, as receiver of the International & Great Northern Railroad Company. From a judg-

ment for plaintiff, defendant appeals. Affirmed.

King & Morris and Hicks & Hicks, for appellant. H. C. Carter and Perry J. Lewis, for appellee.

FLY, J. This is a suit for damages arising from personal injuries, instituted by appellee against T. J. Freeman as receiver of the International & Great Northern Railroad Company. The injuries, it was alleged, were received by appellee while in discharge of his duties as a switchman in the yards of appellant, in San Antonio, Tex., on or about June 17, 1908. The cause was tried by jury and resulted in a verdict for $20,000, and in a judgment in favor of appellee for $15,000.

The evidence justifies the conclusions that appellee was seriously and permanently injured through the negligence of appellant's engineer in failing and refusing to obey a stop signal, which was given him, while he was engaged in moving cars on a switch. The cars were struck with such violence as to shove two or three of them off the end of the track, causing appellee to fall off the car on which he was riding in discharge of his duties as a switchman, and receive injuries in his feet, stomach, and face.

It was alleged that appellee was a switchman and was engaged in his duty of assisting in switching cars, the part of the petition charging negligence being as follows: "Plaintiff avers that heretofore, on June 17, 1908, he was in the employ of the defendant as a switchman in the yards in San Antonio, Tex.; that on said date, while he was engaged in the performance of his work as a switchman and while on the top of a freight car, by reason of negligence and carelessness of the employés in charge of the locomotive propelling said cars, as hereinafter stated, the said cars were wrecked and derailed and in said wreck and derailment plaintiff sustained serious, permanent, and painful injuries as hereinafter more fully set out. Plaintiff further avers that at the time and just prior to said wreck and derailment some freight cars were being placed in one of the tracks in defendant's said yard, known as Lucas No. 1; that said track stopped and ended at Monterey street and at the end of said track was a telegraph pole placed in the ground; that said cars so being placed in said track were being moved and propelled by a switch locomotive, and said switch locomotive was in charge of and was being operated by an engineer and fireman, who were in the employ of the defendant. Plaintiff further avers that it was the duty of said employés in charge of said locomotive, in placing said cars in said track, Lucas No. 1, to stop them before they got to the end of said track, and to so place them that they would not become derailed or come in con-

tact with said telegraph pole, and plaintiff avers the fact to be that said employés in charge of said locomotive so negligently propelled and moved said cars that they did not stop them when they reached the end of said track, but caused said cars to run beyond the end of said track and thereby become derailed, and to come into such violent contact with said telegraph pole that it was torn from the ground' and knocked down. Plaintiff further avers that said employés in charge of said locomotive were signaled to stop said cars before they reached the end of said track, in time to have stopped said cars, but said employés negligently refused or failed to obey said signals and to stop said cars, but negligently continued to propel the same beyond the end of said track; that by reason of said negligence of said employés in charge of said locomotive the cars came in violent contact with the said telegraph pole and were wrecked and derailed, and by reason of said wreck and derailment plaintiff was violently thrown' from the top of one of said cars and was seriously, painfully, and permanently injured; that said injuries were directly caused' by the aforesaid acts of negligence of the employés in charge of said locomotive, and plaintiff himself was in the performance of his duty, and was in the exercise of all reasonable care to prevent injury to himself."

The petition was specially excepted to as being "too general, in that it fails to allege in what way the employés of this defendant negligently refused or failed to obey said signals, or wherein consisted said alleged negligence, or to show how or why it was negligence of said employés of said defendant to refuse or fail to obey said signals, but said pleadings state a conclusion of the pleader and fail to put this defendant upon notice of the particular acts or facts which plaintiff claims constitute negligence." The exception was overruled, and that is made the subject of the first assignment of error. The petition stated facts sufficient to constitute negligence, when it was alleged that the cars should have been stopped before they ran off the end 'of the track; and it did not matter whether the employés saw the signals to stop the cars or not, nor would it make any difference what kind of signals were given if, as alleged, they were signals to stop the cars before they reached the end of the track. The petition should be considered in all of its parts, and not considered in disconnected portions, as is sought to be done by appellant. The petition was not subject to the exception urged against it, and the first assignment of error is overruled.

The second assignment of error assails the charge of the court, on the ground that it assumes that the engineer saw the signal. The assignment is without merit. The charge carefully refrains from the' assumption of any issue of fact, but plainly left it to the jury to find that signals were given and' were not heeded by the engineer. The engineer admitted that he saw the signals. He testified that he tried to stop the cars as soon as he saw the signals, but there was sufficient evidence to show that he made no effort to obey the signals. There was no evidence tending to show that the engineer did not see the signal to stop given by the brakeman, and the court could, without error, have assumed the existence of that fact.

The jury returned a verdict for $20,000, but on the hearing of the motion for a new trial the court required a remittitur of $5,000, which was entered by appellee. Appellant insists that the verdict is still excessive. Appellee was 31 years old at the time he was injured, and was earning $100 a month. His left foot was permanently injured to such an extent that he will not be able to perform the labor of a switchman, the work in' which he was engaged when hurt. He was so injured in his stomach that he suffered constant, severe pains for three or four weeks, and he was nauseated and was vomiting nearly all the time; he vomited blood. His face, nose, and mouth were cut, and his teeth loose. He had bloody hemorrhages from his stomach or intestines. He was in bed for five weeks and was afflicted with nausea and vomiting spells up to the time of the trial, and he had, up to that time, severe cramps in the stomach and bloody passages from the bowels, and suffered severely with headaches. Both of the feet were injured, but one had recovered; the other, however, having the bones dislocated so that it will never recover. The left foot is considerably smaller than the right. Physicians swore that the indications were that there were adhesions and lacerations in the stomach which produced the bloody discharges, and that the condition of appellee was very bad and was permanent, and that he was incapable of performing any physical or manual labor. The physicians united in saying that the symptons indicated abdominal adhesions and that appellee's condition was serious, and at least two stated that the adhesions would be permanent and progressive, and would probably undermine the health of appellee. It is the peculiar province of the jury to pass upon the amount of damages sustained by a party, and we are not in a position to hold that the verdict, as reduced by the remittitur, is excessive.

The judgment is affirmed.